## JOSEPH F. PAUL *vs.* DANIEL W. HOLDEN.

Under Gen. Sts. *c*. 124, § 12, one justice of the quorum has no authority to issue notice of an application to take the poor debtors' oath.

CONTRACT against a surety in a recognizance, the condition of which provided that the judgment debtor, who had been arrested on an execution in favor of the plaintiff, should within thirty days deliver himself up for examination, giving notice, in the manner required by Gen. Sts. *c*. 124, and make no default, and abide the final order of the magistrate thereon.

It was agreed, in the superior court, that the notice of the debtor's application to take the poor debtors' oath was given by one justice of the quorum ; and the only question raised was as to the authority of one justice of the quorum to issue the same.

Judgment was ordered, by *Brigham*, J., for the defendant and the plaintiff alleged exceptions.

*H. Carter*, for the plaintiff, cited *Dike* v. *Story*, 7 Allen, 349.

*J. J. Marsh*, for the defendant.

FOSTER, J. In the opinion of the court, the notice of a poor debtor's wish to take the oath pursuant to Gen. Sts. *c.* 124, § 12, must be issued by the same person or persons who by § 9 are authorized to take the examination and administer the oath. The expression " the magistrate," in § 12, refers to those classes who constitute the tribunal empowered to act in such cases. As two justices of the quorum are required for the examination, one alone could not issue the notice and fix the time and place for hearing the debtor's application.

*Exceptions sustained.*